IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHLONDA BAKER, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO.: 4:21-cv-116 |
| UNITED PARCEL SERVICE, INC. | § § | |
| *Defendant.* | § § § | |

_____

**DEFENDANT'S NOTICE OF REMOVAL**
_____

United Parcel Service, Inc. (Ohio) ("UPS"), Defendant in the above-entitled and numbered action, files this Notice for Removal of the state court action under 28 U.S.C. §§ 1332 and 1441, and in support thereof, respectfully shows the following:

**I.   INTRODUCTION**

1.   Defendant removes this state-law action brought by Plaintiff Shlonda Baker, under 28 U.S.C. §§ 1332 and 1441 and based on diversity jurisdiction. UPS and Baker are citizens of different states, and Baker seeks damages in excess of the $75,000 threshold required for the exercise of diversity jurisdiction. UPS also files this Notice of Removal within thirty days of service of Plaintiff's First Amended Petition, the first pleading to allege removable claims in this cause, as required by 28 U.S.C. § 1446(b).

## II.     FACTUAL BACKGROUND

2. On November 24, 2020, Plaintiff Shlonda Baker filed her Original Petition against UPS in the 342nd Judicial District Court in Tarrant County, Texas in the lawsuit styled *Shlonda Baker v. United Parcel Service, Inc.*; Cause No. 342-321801-20. Ex. 1, Pl.'s Orig. Pet. Baker's Original Petition filed on November 24, 2020 alleged only claims arising under Chapter 451 of the Texas Labor Code. *See id.* ¶¶ 16-21.[1]

3. On January 6, 2021, Baker filed her First Amended Petition in the 342nd District Court. In this First Amended Petition, Baker added new claims for alleged disability discrimination, failure to accommodate, failure to engage in the interactive process, and retaliation arising under the Texas Commission on Human Rights Act (TEX. LAB. CODE § 21.001, *et seq.*). Ex. 2, 1st Am. Pet. at ¶¶ 26-43.

4. In her First Amended Petition, Baker seeks a host of forms of legal and equitable relief, including back pay and front pay, compensatory damages, attorney's fees, and expert witness fees. *Id.* at ¶ 61. In fact, Plaintiff expressly "seeks monetary relief over $1,000,000" in her First Amended Petition.

3. UPS received service of Baker's First Amended Petition via the electronic EFileTexas.gov service on January 6, 2021. *See* Ex. 3, Proof of Service.

4. UPS thereafter timely filed its First Amended General Denial and Defenses in the 342nd Judicial District Court, Tarrant County, Texas on February 4, 2021. *See* Ex. 5, Def.'s Am. General Denial & Defenses.

5. UPS now timely files its Notice of Removal within 30 days of receiving service of process of Plaintiff's First Amended Petition in accordance with 28 U.S.C. § 1446(b)(1).

---

[1] As demonstrated herein, claims arising under Chapter 451 of the Texas Labor Code are not themselves removable; thus, UPS could not remove this lawsuit at the time of service of Plaintiff's Original Petition.

### III.  ARGUMENTS & AUTHORITIES

Under 28 U.S.C. § 1441, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." In the present case, the Court possesses diversity jurisdiction because "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between . . . citizens of different states." 28 U.S.C. § 1332. As explained in further detail below, removal is appropriate in this case due to the satisfaction of both diversity jurisdiction requirements.

#### A.  Defendant and Baker Are Citizens of Different States

Section 1332(c)(1) states that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1). Under this definition, UPS is not, and was at the time this lawsuit was filed, a citizen of the State of Texas and is completely diverse in citizenship from Plaintiff. *See* Ex. 2, Pl.'s 1st Am. Pet. at ¶ 3 (acknowledging Defendant is "a corporation organized under the laws of the state of Delaware with a principal place of business located at 55 Glenlake Parkway, N.E., Atlanta, Georgia…"). As a result, at the time the underlying lawsuit was filed, UPS was a citizen of the States of Delaware and Georgia.[2] Plaintiff, on the other hand, is a citizen of the State of Texas. *See* Ex. 2, Pl.'s 1st Am. Pet. at ¶ 2. Plaintiff and Defendant are therefore citizens of different states, thereby satisfying the first requirement for diversity jurisdiction.

---

[2] As noted in Defendant's Original and First Amended Answers filed in the state court proceedings (Exs. 4 & 5), the United Parcel Service, Inc. entity organized under the laws of the State of Delaware did not employ Plaintiff and is not a proper party to this suit, as Plaintiff was employed by United Parcel Service, Inc. (Ohio), an Ohio corporation. As such, United Parcel Service, Inc. (Ohio) is the only UPS entity against which any employment claims may be alleged, although Defendant denies that either the facts or law would allow Plaintiff to establish any such claims.

3

B.    **Jurisdictional Amount in Controversy Satisfied**

The second requirement for diversity jurisdiction—that the amount in controversy exceed $75,000—is also met in this case. *See* 28 U.S.C. § 1332(a). Under section 1446(c),

> the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—(A) the notice of removal may assert the amount in controversy if the initial pleading seeks—(i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c). Significantly, the Supreme Court recently clarified that it is sufficient for a removing defendant to "simply allege or assert that the jurisdictional threshold has been met." *Dart v. Cherokee Basin Operating Co., LLC*, 135 S. Ct. 547, 554 (2014). In other words, evidence establishing the amount in controversy is only required by section 1446(c)(B) if the plaintiff contests, or the court questions, the defendant's allegations. *Id.*; *see also Castaneda v. Travelers Lloyds of Tex. Ins. Co.*, No. A-15-CV-00259-LY-ML, 2015 WL 3604678, at *2 (W.D. Tex. June 5, 2015) (unpublished).

In the instant case, it is facially apparent from Baker's First Amended Petition that the amount in controversy exceeds $75,000 due to the variety and nature of the damages sought therein. In particular, Baker seeks a variety of forms of legal relief, including back and front pay, compensatory damages, attorney's fees, expert fees, and other costs of court. *See* Ex. 2, Pl.'s 1st Am. Pet. at ¶ 61. Baker also seeks punitive damages and almost every type of damage permitted under Chapter 21. *See generally id.* In fact, Baker expressly seeks "monetary relief over $1,000,000" in this cause. *Id.* ¶ 5.

These allegations alone are sufficient to show Baker seeks a money judgment in excess of the jurisdictional threshold. *See, e.g., Foret v. State Farm Bureau Life Ins.,* 918 F.2d 534, 537 (5th Cir. 1990) (attorneys' fees included as part of amount-in-controversy if provided for by state statute); *Fuentes v. Union Pac. R.R. Co.,* No. 05-417, 2006 WL 506048, at *3 (W.D. Tex. Feb. 14, 2006) (Chapter 21 claimant's potential entitlement to compensatory damages and attorney's fees satisfied jurisdictional minimum). In this regard, the amount-in-controversy requirement for purposes of diversity jurisdiction has been established.

**C.     Removal is Procedurally Proper**

Venue is proper in the Northern District of Texas, Fort Worth Division, under 28 U.S.C. §1446(a). The Northern District of Texas, Fort Worth Division embraces the place in which the removed action is pending and is where a substantial part of the events giving rise to Baker's claims allegedly occurred.

UPS was served with a copy of Plaintiff's First Amended Petition on January 6, 2021 by electronic service through the eFileTexas.gov system. Ex. 6, Notice of Service. UPS now has timely filed this Notice of Removal within thirty days of service of that First Amended Petition, as required. 28 U.S.C. § 1446(b)(3).[3]

Pursuant to 28 U.S.C. § 1446(a), UPS attaches to this Notice of Removal true and correct copies of Baker's Original Petition and Jury Demand (Ex. 1), Baker's First Amended Petition

---

[3] UPS acknowledges it received service of process of Baker's Original Petition on December 8, 2020. However, the Original Petition brought only claims for worker's compensation discriminatory discharge (retaliation) under Chapter 451 of the Texas Labor Code. However, workers' compensation retaliation claims arising under Chapter 451 are not removable. *See Vinson v. Schneider Nat'l Carriers, Inc.,* 942 F. Supp.2d 630, 636 (N.D. Tex. 2013); *see also* 28 U.S.C. § 1445(c) ("actions "arising under the workmen's compensation laws of such State may not be removed …"). Thus, despite Baker and UPS being citizens of different states at that time, this cause was not removable until the January 6, 2021 filing of the First Amended Petition, which included removable claims for the first time in this litigation. *See* Ex. 2. Further, UPS acknowledges that, following this removal, Baker's Chapter 451 claims would be subject to remand to the 342nd District Court upon timely motion by Plaintiff. *See, e.g., Rios v. Sw. Research Institute,* No. 5:17-cv-00841, 2017 WL 10840423, at *3 (W.D. Tex. Oct. 27, 2017) (permitting removal of Chapter 21 claims, but noting that the Chapter 451 claim may be remanded).

(Ex. 2), the Proof of Service of Process, Summons, and Citation (Ex. 3), UPS's Answer & Defenses (Ex. 4), UPS's First Amended Answer & Defenses (Ex. 5), Notice of Service (Ex. 6), Judge Kimberly Fitzpatrick's December 29, 2020 correspondence regarding the parties' Level 3 Discovery Control Plan (Ex. 7), the parties' proposed state court Discovery and Docket Control Plan for Level 3 Case (Ex. 8), the Court's executed Discovery and Docket Control Plan for Level 3 Case (Ex. 9), true and correct copies of the state court's Docket Sheet (Ex. 10), and State Court Notice of Removal (Ex. 11), which constitute all process, pleadings, and orders served to date. UPS also attaches Plaintiff's Responses to its Request for Disclosure (Ex. 12), Plaintiff's First Interrogatories served with her Original Petition (Ex. 13), Plaintiff's First Requests for Admission served with her Original Petition (Ex. 14), and Plaintiff's First Requests for Production served with her Original Petition (Ex. 15).

Pursuant to 28 U.S.C. § 1446(d), promptly after this Notice is filed with this Court, UPS will serve written notice of its filing on Plaintiff's counsel. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice also will be filed with the clerk of the 342nd Judicial District Court, Tarrant County, Texas.

### III.   CONCLUSION & PRAYER

For the foregoing reasons, Defendant United Parcel Service, Inc. (Ohio) prays the United States Court for the Northern District of Texas, Fort Worth Division assumes jurisdiction over this action being removed from the 342nd Judicial District Court, Tarrant County, Texas. Defendant UPS also prays for all other relief to which it may be entitled.

Respectfully submitted,

 /s/ Shannon B. Schmoyer
Shannon B. Schmoyer
Texas Bar No. 17780250
Christine E. Reinhard
Texas Bar No. 24013389
Justin Barbour
Texas Bar No. 24055142
SCHMOYER REINHARD LLP
8000 IH 10 West, Suite 1600
San Antonio, Texas 78230
PH:  (210) 447-8033
FX:  (210) 447-8036
creinhard@sr-llp.com
sschmoyer@sr-llp.com
jbarbour@sr-llp.com

Marcia Nelson Jackson
Texas Bar No. 24008411
marcia.jackson@wickphillips.com
Wick Philips Gould & Martin, LLP
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692.6200
Facsimile: (214) 692.6255

**ATTORNEYS FOR DEFENDANT UNITED PARCEL SERVICE, INC. (OHIO)**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served *via CM/ECF* to:

Jamie J. Gilmore
jgilmore@galyen.com
Brittney L. Thompson
bthompson@galyen.com
Bailey & Galyen
1300 Summit Avenue, Suite 650
Fort Worth, Texas 76102
Fax: 817-276-6010

on this 4th day of February, 2021.

/s/ Shannon B. Schmoyer _
Shannon B. Schmoyer