IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHLONDA BAKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00116-P |
| | § | |
| UNITED PARCEL SERVICE, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Shlonda Baker's Motion to Remand (ECF No. 8), Defendant United Parcel Service, Inc.'s Response (ECF No. 11), and Plaintiff's Reply (ECF No. 13). Having considered the briefs and applicable law, the Court concludes that Plaintiff's Motion to Remand should be and hereby is **GRANTED.**

## BACKGROUND

Plaintiff alleges that she was employed by Defendant from July 2019 through June 2020, and that during her employment, she injured her shoulder on the job. ECF No. 1-5 at 3. Although Plaintiff attempted to work through the pain, she had to see a physician. *Id.* And while Defendant initially put Plaintiff on a temporary work assignment, Plaintiff alleges that Defendant eventually began harassing her about working before sending her home. *Id.* When Plaintiff attempted to return to work, she alleges her supervisor refused to allow her to return. *Id.* Subsequently, Plaintiff was terminated for missing too much work. *Id.*

Plaintiff filed suit against Defendant in Texas state court and alleged worker's compensation claims under Section 451.001 of the Texas Labor Code. *Id.* at 5. She then filed a First Amended Petition and added disability discrimination claims for violations of Sections 21.051 and 21.055 of the Texas Labor Code. ECF No. 1-6 at 5–6.

Defendant removed the case to this Court on the basis of diversity jurisdiction, as it is undisputed that Plaintiff is a Texas citizen and Defendant is a citizen of Delaware and Georgia. Nt. of Removal at 3; ECF No. 1; *see* 28 U.S.C. § 1441. It is also undisputed that the amount in controversy exceeds $75,000. *Id.* at 4. Yet Plaintiff file a Motion to Remand because her worker's compensation claims are not removable pursuant to 28 U.S.C. § 1445(c). Mt. to Remand. Alternatively, Plaintiff sought severance and a remand of her worker's compensation claims only. *Id.* at Prayer. Defendant responded by conceding (as it had in its Notice of Removal at p.2 n.1) that Plaintiff's worker's compensation claims are not removable but that her disability discrimination claims are and that all other diversity requirements are met, so Defendant requested severance and remand of the worker's compensation claims only. Resp. to Mt. to Remand at 6–7. In her Reply, Plaintiff revised her position and contended the Court had no authority to sever the retaliation claims and instead should remand the entire action to state court. Reply at 10 n.33. Plaintiff set forth *Escobedo v. Time Warner Entertainment Advance Newhouse Partnership*, 811 F. Supp. 2d 1289 (S.D. Tex. 2011), a case Plaintiff contends "is directly on point and wholly supports Plaintiff's position." Reply at 1.

Because it is undisputed that Plaintiff's worker's compensation claims under Section 451.001 should be remanded, the only dispute for the Court to resolve is whether

2

Plaintiff's disability discrimination claims under Section 21 should be remanded as well, or whether they can and should be severed and the Court retain diversity jurisdiction over the Section 21 claims.

## ANALYSIS

The Court agrees that *Escobedo v. Time Warner Entertainment Advance Newhouse Partnership* squarely addressed the specific issue before the Court. In *Escobedo*, the United States District Court for the Western District of Texas considered a case in which a plaintiff alleged a worker's compensation retaliation claim and an age discrimination claim under state law. 811 F. Supp. 2d at 1294. The defendant had removed the case under Section 1441 based on diversity jurisdiction but when presented with a motion to remand the defendant conceded that the worker's compensation claim was non-removable pursuant to Section 1445(c).[1]  *Id.*  Like here, the defendant in *Escobedo* asserted that the district court should sever and keep the age discrimination claim and remand the worker's compensation claim. *Id.* at 1291. The *Escobedo* court rejected the defendant's position and concluded that severance was not available in a diversity jurisdiction case: "The additional grant of removable jurisdiction prescribed by Congress—§ 1441(c)—applies only to those separate and independent *federal question claims* joined with otherwise non-removable claims." *Id.* at 1294 (emphasis added). Thus, the *Escobedo* court concluded that the entire case, rather than just the worker's compensation claim, should be remanded:

---

[1] Section 1445 provides, in part, that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).

3

> § 1441(c) is inapplicable to the instant case as Plaintiff's diversity claim does not fall within the class of cases governed by § 1441(c). Additionally, because § 1441(c) is the removal statute that provides for severance and remand of those non-removable claims, the Court finds that the entire case must be remanded to state court.

*Id.*

In another factually similar case, Judge Boyle analyzed these statutes and reached the same conclusion. She provided the following helpful summary that is applicable to this case:

> [T]his Court's jurisdiction is based solely on diversity grounds and this action was removed pursuant to § 1441(a). Under § 1441(a), if Congress expressly provides, removal may be limited. A workers' compensation retaliation claim, such as the one here, is one such type of claim that prevents removal of the civil action under § 1445(c). *Sherrod* [*v. Am. Airlines*], 132 F.3d [112] 1117 [(5th Cir. 1998)]. A "civil action" is the entire case, not merely an individual claim. Severance and remand of the nonremovable claim is appropriate only when the district court's jurisdiction is based on a federal question; there is no such provision when the court's jurisdiction is based on diversity. 28 U.S.C. § 1441(c). Thus, because § 1441(c) is inapplicable to diversity jurisdiction cases, this civil action, in its entirety, must be remanded to County Court at Law No. 4 of Dallas County, Texas.

*Carey v. Bank of Am., N.A.*, 904 F. Supp. 2d 617, 620 (N.D. Tex. 2013).

While Defendant does cite several cases to support its position that the Court should sever and remand Plaintiff's worker's compensation claims only, these district court cases are not binding and "to the extent that their holdings differ from the Court's conclusion in this case, the Court respectfully disagrees with those holdings." *Jackson v. Wal-Mart Stores Tex., LLC*, 925 F. Supp. 2d 810, 815 (N.D. Tex. 2013) (Godbey, J.) (acknowledging and rejecting these cases severing and remanding only worker's compensation claim); *see also Carey*, 904 F. Supp. 2d at 621 (same). Moreover, the Court finds Defendant's cases

distinguishable. *Climer v. Twin City Fire Ins. Co.*, No. CIV.A 304-CV-0552G, 2004 WL 1531796 (N.D. Tex. July 8, 2004), is factually distinguishable because, unlike this case, it involved a direct action against the worker's compensation insurance carrier for violations of the Workers' Compensation Act, as well as a host of statutory and common law insurance-related claims. *Smith v. Fujicolor Processing, Inc.*, No. CIV.A. 3:02-CV-1218, 2002 WL 1798918 (N.D. Tex. Aug. 2, 2002), and *Johnson v. Dal-Tile Corporation*, No. 3:03-CV-2376-H, 2003 U.S. Dist. LEXIS 20508 (N.D. Tex. Nov. 14, 2003), are distinguishable because, unlike the instant case, they were removed based on federal question jurisdiction.

Therefore, relying on the analysis in *Escobedo* and *Carey*, the Court finds that because this case was removed under diversity jurisdiction and because Section 1441(c) is inapplicable to this diversity case, the entire case must be remanded. *See Escobedo*, 811 F. Supp. 2d at 1293 ("[T]he removability and related severance and retention of claims premised on diversity jurisdiction no longer exists when filed in conjunction with an otherwise non-removable claim."); *Jackson*, 925 F. Supp. 2d at 813–815 (remanding entire worker's compensation case removed on diversity grounds that included state law retaliatory discharge claim); *Carey*, 904 F. Supp. 2d at 620 ("The case before this Court was removed solely on diversity grounds and therefore § 1441(c) is inapplicable. In other words, the statute does not offer the severance and remand option which would permit the claims based upon diversity jurisdiction to be severed from the non-removable state claim and remain in federal court."); *cf. Allsup v. Liberty Mut. Ins. Co.*, 782 F. Supp. 325, 328 (N.D. Tex. 1991) (Sanders, C.J.) ("In the final analysis, severing the claims to remand only

the workers' compensation claim would take the Court through burdensome and wasteful procedural gymnastics.").

However, because there remains no controlling Fifth Circuit precedent on point and because Defendant presented a reasonable argument, Plaintiff's request for attorney's fees is **DENIED**.  *See Jackson*, 925 F. Supp. 2d at 815; *Carey*, 904 F. Supp. 2d at 621.

## CONCLUSION

Therefore, the Court concludes that Plaintiff's Motion to Remand should be and hereby is **GRANTED**.  This case is **REMANDED** to the **342nd District Court of Tarrant County, Texas**.  The Clerk of this Court is **INSTRUCTED** to mail a certified copy of this Order to the District Clerk of Tarrant, County, Texas.

**SO ORDERED** on this **16th day** of **April, 2021.**

*Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE